# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA

GREGORY B. MYERS,

Plaintiff –Appellant,

v.

NAPLES GOLF AND BEACH CLUB, INC., a Florida Corporation, NAPLES PROPERTY HOLDING COMPANY, LLC, a Delaware limited liability company, NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC, a Delaware limited liability company, as Trustee under the Land Trust Agreement dated as of May 27, 2021, NAPLES BEACH CLUB PHASE II AND III LAND TRUST TRUSTEE, LLC, a Delaware limited liability company, as Trustee under the Land Trust Agreement dated as of May 27, 2021, and NBC CLUB OWNER, LLC, a Delaware limited liability company,

Defendants-Appellees

On Appeal from United States District Court
for the District of Columbia
No. 1:24-cv-03127

## APPELLEES, NAPLES PROPERTY HOLDING COMPANY, LLC, NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC, NAPLES BEACH CLUB PHASE II AND III LAND TRUST TRUSTEE, LLC, AND NBC CLUB OWNER, LLC, MOTION TO DISMISS APPELLANT'S APPEAL, PROHIBIT FURTHER FILINGS, IMPOSE SANCTIONS, AND OTHER RELIEF

**STEARNS WEAVER MILLER WEISSLER**
**ALHADEFF & SITTERSON, P.A.**
Glenn Burhans, Jr.
Florida Bar No. 605867
Christopher R. Clark
Florida Bar No. 1002388
106 East College Avenue, Suite 700
Tallahassee, FL 32301
Telephone: (850) 329-4850
Primary: gburhans@stearnsweaver.com
crclark@stearnsweaver.com
Secondary: cacosta@stearnsweaver.com
*Attorneys for Appellees*

**CERTIFICATE OF INTERESTED PERSONS**

Under Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rules 26.1, the following is an alphabetical list of trial judges, attorneys, persons, firms, partnerships, and corporations known to have an actual or potential interest in the outcome of this appeal:

Athens NPL LLC;

Brookes, Ralf;

Burhans, Jr., Glenn T.;

Clark, Christopher R.;

Delano, Caryl E., Chief U.S. Bankruptcy Judge;

Dell, Michael;

Donnelly, Brian P.;

Dudek, Kyle C., U.S. Magistrate Judge;

Fridkin, Jeffrey D.;

Gunn, Elizabeth, U.S. Bankruptcy Judge;

Guso, Jordi;

Huneycutt, Alice R.;

Kelly, Barbara Ann;

McConnell, Matthew;

MSD Hospitality Partners, L.P.;

MSD Naples Investors, LLC;

MSD Portfolio, L.P. – Investments;

MSD Real Estate Investments II, L.P.;

Murphy, Hannah E.;

Myers, Gregory Brian;

Naples Beach Club Amenities Owner, LLC;

Naples Beach Club Building A/B/C Owner, LLC;

Naples Beach Club Building D Owner, LLC;

Naples Beach Club Building E Hotel Residences Owner, LLC;

Naples Beach Club Building E Owner, LLC;

Naples Beach Club Building F Owner, LLC;

Naples Beach Club Building G Owner, LLC;

Naples Beach Club Building H Owner, LLC;

Naples Beach Club Hotel Owner, LLC;

Naples Beach Club Land Trust Trustee, LLC, as Trustee under the Land Trust Agreement, dated as of May 27, 2021;

Naples Beach Club Phase II and II Land Trust Trustee, LLC, as Trustee under the Land Trust Agreement, dated as of May 27, 2021;

Naples Beach Club Shared Facilities Owner, LLC;

Naples Beach Club Shared Facilities Owner II, LLC;

Naples Golf and Beach Club, Inc.;

Naples Intermediate Hotel and Condominium Phase I Holding Company, LLC;

Naples Intermediate Phase I Condominium Residence Holding Company, LLC;

Naples Property Holding Company, LLC;

NBC Club Owner, LLC;

NBC Club Owner II, LLC;

Reyes, Ana, U.S. District Court Judge

Stearns Weaver Miller Weissler Alhadeff & Sitterson P.A; and

Steele, John E., Senior U.S. District Court Judge

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS ........................................................1

INTRODUCTION ...........................................................................................1

    State Court Litigation History .........................................................5

ARGUMENT ...................................................................................................8

1.    The Court Lacks Jurisdiction to Review the Third Remand Order................8

2.    Sanctions Should be Awarded pursuant to Federal Rule of Appellate Procedure 38. ............................................................................................9

    *a.*    *Myers's Appeal is Brought in Bad Faith.*...........................................11

    *b.*    *Sanctions are Appropriate.* ................................................................12

    *c.*    *NBC Entities Seek a Sanction Barring Myers from Filing any Further Pro Se Appeals Against Appellees Without Prior Leave of this Court or Without Representation by a Licensed Attorney.* ......14

    *d.*    *NBC Entities seeks an order from this Court holding Myers in contempt for continuing to engage in vexatious and bad-faith appellate practice after already being sanctioned by this Court.*........15

CONCLUSION ...............................................................................................16

CERTIFICATE OF COMPLIANCE ..................................................................18

CERTIFICATE OF SERVICE ...........................................................................19

Pursuant to Federal Rules of Appellate Procedure 27 and 38, and D.C. Local Rules 27.1(f) and 38, Defendants Naples Property Holding Company, LLC, Naples Beach Club Land Trust Trustee, LLC, Naples Beach Club Phase II and III Land Trust Trustee, LLC, and NBC Club Owner, LLC (collectively "NBC Entities") move to dismiss Gregory B. Myers's ("Myers") instant appeal and state the following in support:

## INTRODUCTION

This is Myers' ***fifth*** appeal (to this Court alone) of his ***third bad-faith removal*** (in *two* states) of the underlying Florida state court litigation styled *Myers v. Naples Golf and Beach Club, Inc., Naples Property Holding Company, LLC, Naples Beach Club Land Trust Trustee, LLC*, No. 21-CA-001441-0001 (Fla. 20th Cir. Ct. 2021) (final judgment entered in favor of Appellees on May 6, 2022) ("State Court Litigation"). *See State Court Litigation Final Judgment,* attached as **Exhibit 1**.

Yes, the Court read that correctly. Appellant has removed this case *three* times in *two* states and generated *five* appeals to this Court alone (*nine* total in both states) and all he has to show for it is myriad sanctions and hundreds of thousands of dollars in pending fee and cost awards. Yet, his vexatious campaign persists. Myers's first unsuccessful appeal to this Court arose out of the district court's striking of Myers's sham *Suggestion of Bankruptcy* of a non-party to try to delay these and other proceedings. *See Myers v. Naples Golf and Bach Club, Inc., et. al.,* No. 24-7180

(D.C. Cir. 2025).[1] This Court dismissed the appeal imposing fees as a sanction and

stating:

> This court's jurisdiction to review district court actions is generally limited to "final decisions," and the challenged order is not final. *See* 28 U.S.C. § 1291; *Johnson v. Jones*, 515 U.S. 304, 309 (1995); *Blue v. D.C. Pub. Schs.*, 764 F.3d 11, 15 (D.C. Cir. 2014). Appellant argues that this court has jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), which permits appeals from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." However, "[t]he definition of an injunction under § 1292(a)(1)" is an "order directed to a party, enforceable by contempt, and designed to accord or protect, some or all of the substantive relief sought by a complaint." *I.A.M. Nat'l Pension Fund Benefit Plan A v. Cooper Indus., Inc.*, 789 F.2d 21, 24 (D.C. Cir. 1986) (internal quotation marks omitted). Appellant has failed to demonstrate that the district court's November 19, 2024 minute order satisfies that definition. *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988) ("An order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under § 1292(a)(1).").

[D.E. #17]. [2]

This Court also concluded that "[i]t appears that appellant brought this appeal,

and the underlying district court action, in bad faith and for an improper purpose."

[D.E. #17]. Despite the Court identifying the underlying removal, and later appeal,

were frivolous and bad faith filings, Myers appealed three additional orders of the

---

[1] The referenced bankruptcy was dismissed as a bad faith filing orchestrated by Mr. Myers, his wife Barbara A. Kelly, and his attorney, Michael Gort. *See In re: 700 Trust,* No. 2:25-bk-00051(Bkrpt. M.D. Fla. 2025).

[2] References to the D.C. District Court docket entries will be styled "[D.E. #_]".

district court to further multiply the proceedings herein. *See also Myers v. Naples Golf and Bach Club, Inc., et. al.,* Nos. 25-7018, 25-7032, 25-7037 (D.C. Cir. 2025) (only No. 7018 remains pending, the balance were dismissed by Myers).

Myers's various removals and appeals have been deployed to forestall various courts' imposition of sanctions and other relief against him in the State Court Litigation. Undeterred by the Court's prior admonishment, Myers is once again abusing the appellate process to harass NBC Entities and waste this Court's time.[3] In the years since the issuance of the State Court Litigation's final judgment, Myers has filed *three* (3) attempted removals of the State Court Litigation to federal court (in two states)[4] and initiated *nine* (9) appeals to the Eleventh Circuit and D.C. Circuit Court of Appeals challenging various orders relating to the three (3) improper removals.[5]

---

[3] Although his bankruptcies are not part of this instant unauthorized appeal, Myers and his wife have weaponized the bankruptcy process in service of further derailing the administration of justice. Multiple courts have implemented bans of further bankruptcies and other restrictions against alienation of property and assets, finding bad faith by Myers and his wife in the process.

[4] Middle District of Florida: *Myers v. Naples Golf and Beach Club, Inc. et. al.,* Nos. 2:23-cv-13, 2:24-cv-846. District of Columbia: *Myers v. Naples Golf and Beach Club, Inc. et. al.,* No. 1:24-cv-3127.

[5] The Eleventh Circuit appeals are styled *Myers v. Naples Golf and Beach Club, Inc. et. al.,* Nos. 23-11906 (appeal of remand dismissed), 23-11964 (consolidated in 23-11906), 24-13099 (dismissed for failure to pay filing fee), 24-13551 (dismissed and sanctions awarded) and the five cases in this Court were cited *supra.*

Sadly, this is unsurprising as Myers and Kelly have engaged in similar conduct for the last decade to frustrate innocent litigants they have ensnared in vexatious litigation. *See In re: Barbara Ann Kelly,* No. 23-127000-MCR (Bankr. Md. Dec. 10, 2023); *In re: Gregory Brian Myers,* No. 21-bk-123-FMD (Bankr. M.D. Fla. July 15, 2021); *see also Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch,* 2020 WL 758151 at n.3 (D. Md. Feb. 14, 2020) (collecting extensive list of Myers bad-faith practices). The Court will be hard pressed to find a more egregious and despicable abuse of the federal district and appellate courts and indeed awarded sanctions in its dismissal of the first unauthorized appeal. [D.E. #17]. With the ink on that order barely dry, Myers has deigned to engage in the exact type of conduct which triggered sanctions the first time around. For that reason, more serious sanctions are warranted.

With their ongoing vexatious conduct and disregard of this Court's prior order coloring the instant posture, resolution of the instant appeal is straightforward. The District Court's Remand Order is non-appealable. Myers is on notice of this principle as the Eleventh Circuit has repeatedly warned him of this fact. While procedural resolution of the appeal is simple and direct, NBC Entities request the Court impose further sanctions for Myers's continued vexatious conduct in this lawsuit. For years Myers has unleashed abusive tactics meant to frustrate and delay NBC Entities' business operations. His claims and appeals have no basis in law or

fact and they violate a permanent injunction entered in the State Court Litigation prohibiting his continued claims. *See* **Exhibit 1** at 19-20, [D.E. # 11-2 at p. 19-20]. Having thrice removed this case to federal court and initiated nine (9) improper appeals in this case alone, the Court must end Myers's abuse of the federal removal procedures and related frivolous appeals.

Although *pro se* litigants are ordinarily entitled to a measure of leniency, Myers has proven himself to be anything but ordinary and has abused and exhausted all leniency—he has exploited and continues to abuse this Court, the district courts, the bankruptcy courts, Florida state courts, and courts around the country, not to mention the numerous parties he ensnares and attempts to ensnare in his meritless litigation.

Accordingly, NBC Entities move to dismiss this appeal of the Remand Order and as frivolous pursuant to Federal Rule of Appellate Procedure 38 and requests the Court award attorneys' fees, costs, and enter further appropriate sanctions, including holding Myers in contempt and barring his unfettered access to the federal appellate courts absent supervision of competent counsel.

### State Court Litigation History

On May 27, 2021, Myers filed the State Court Litigation seeking, among other relief, a declaration that he possessed implied rights over and across the NGBC Property. On February 15, 2022, Myers filed a Second Amended Complaint

containing two counts for relief and asserting claims for (a) Declaratory Relief/Implied Private Easements, and (b) Golf Course and Beach Access/Negative Easement. Myers also recorded a lis pendens in the public records of Collier County thereby creating a cloud on title to the NGBC Property that was the subject of the State Court Litigation. On May 6, 2022, the Circuit Court entered its Amended Summary Final Judgment (the "Amended Final Judgment") denying each claim for relief in the Amended Complaint, awarding judgment on NBC Entities' counterclaims, dissolving the lis pendens, and finding that Myers has no implied rights of any nature or kind with respect to the NGBC Property. Despite multiple bankruptcies, appeals, and other delay tactics, the Sixth District Court of Appeals dismissed Myers's and Kelly's appeal of the Amended Final Judgment for failure to file their initial briefs and issued its Mandate on May 3, 2024. The Florida Supreme Court denied Myers's petition to invoke jurisdiction on May 22, 2024. The State Court Litigation is concluded but for the imposition of post-judgment sanctions and contempt proceedings.

### *Eleventh Circuit Appellate History*

The Eleventh Circuit has twice previously reviewed, and rejected, Myers's attempts to appeal prior remands of this case (all post-judgment). *See Myers v. Naples Golf and Beach Club, Inc.,* No. 23-11906 (11 Cir. May 8, 2024) attached as

Exhibit 2 & *See Myers v. Naples Golf and Beach Club, Inc.*, No. 24-13551 (11 Cir.

May 6, 2025) attached as **Exhibit 3**. The Eleventh Circuit's first opinion held:

> "We lack jurisdiction to review the district court's remand order. That
> order was based on two grounds that preclude review under 28 U.S.C.
> 1447(d): the court concluded that it lacked jurisdiction to consider the
> case because doing so would require it to review a state court's final
> judgment, and it concluded that the notice of removal was untimely, as
> argued in defendants' timely motions to remand. *See* 28. U.S.C. 1447
> (c) – (d) (providing that we lack jurisdiction to review district court's
> remand order predicated on the court's lack of subject matter
> jurisdiction or, if there is a timely motion to remand, a procedural defect
> in the removal)."

*See* **Exhibit 2**.

The Eleventh Circuit's second opinion held:

> And we lack jurisdiction to review the remand order because it was
> based on lack of subject matter jurisdiction and a timely remand
> motion. *See* 28 U.S.C. § 1447(c), (d); *MSP Recovery Claims, Series
> LLC v. Hanover Ins. Co.*, 995 F.3d 1289, 1294 (11th Cir. 2021); *see
> also New v. Sports & Recreation*, 114 F.3d 1092, 1096 (11th Cir. 1997)
> (explaining that "a district court does not have to expressly state its
> reliance on [§] 1447(c) to preclude appellate review"). Myers did not
> remove the case under 28 U.S.C. §§ 1442 or 1443. *See* 28 U.S.C. §
> 1447(d); *BP P.L.C. v. Mayor of Balt.*, 141 S. Ct. 1532, 1538 (2021).[6]

*See* **Exhibit 3**.

Myers' third attempt fares no better as his attempts to create new jurisdiction

post-final judgment are unavailing and suffers the same defects as the first two.

---

[6] Myers attempted to remove this case under 28 U.S.C. § 1442 (based on the
imposition of contempt sanctions for his violation of a Court Order) in attempt to
create appellate jurisdiction under 28 U.S.C. § 1447(d), but the underlying claims
do not fall under the purview of either section.

**ARGUMENT**

## 1. The Court Lacks Jurisdiction to Review the Third Remand Order.

Here, while not a model of clarity for appellate purposes, the D.C. District'

Court's Minute Order states:

> MINUTE ORDER GRANTING IN PART [11] Motion to Dismiss Case as Frivolous or in the alternative Motion to Remand to State Court and [13] Motion to Dismiss or in the alternative Motion to Remand to State Court. As discussed at the March 10, 2025 hearing, the Court REMANDS this case to the Circuit Court for Collier County, Florida. The Court finds as MOOT Defendants' Motions to Dismiss. Case to be remanded on 4/8/2025. Signed by Judge Ana C. Reyes on 4/1/2025.

*See* D.C. Cir. Doc # 2109258.

On the record, Judge Reyes repeatedly advised Myers she lacked jurisdiction over this case and agreed with this Court regarding his apparent frivolity. *See Transcript* attached as **Exhibit 4**. at P. 9, L. 8-12 ("I have zero jurisdiction… there's no case or controversy here..", "it's a totally improper removal to the D.C. court"), , P. 10, L. 14-16 ("The D.C. Circuit basically said I have to."), P. 11, L. 11, 6-7 ("I want this out of my courtroom, because it has no place in my courtroom."), P. 23, L. 8-14 ("The D.C. Circuit has already said that you filed one frivolous appeal. I'm quite convinced they're going to day you filed a second one today. There will be more sanctions."). As such, the Court should dismiss the appeal for lack of jurisdiction per 28. U.S.C. 1447 (c) – (d) (providing that the Circuit Court lacks jurisdiction to review district court's remand order predicated on the court's lack of

subject matter jurisdiction or, if there is a timely motion to remand, a procedural defect in the removal).

This is the same basis as the first two Eleventh Circuit appeals and nothing has occurred post-judgment that could resurrect any potential removal grounds. *See Rohe v. Wells Fargo Bank, N.A.,* 2022 WL 17752372 at *2 (11th Cir. 2022) (holding "that before the state court stays its proceedings, there must be a valid removal. And for removal to be valid, there must be a "pending" state action to remove"); *see also Aurora Loan Servs., LLC v. Allen*, 762 F. App'x 625, 628 (11th Cir. 2019) (collecting nationwide cases holding removal is improper and ineffective to vest jurisdiction in the district court after a truly final state judgment). Accordingly, the Court should dismiss Myers' latest appeal. *Id.*

**2.    Sanctions Should be Awarded pursuant to Federal Rule of Appellate Procedure 38.**

Much like the appeal of the First Minute Order, the appeal of the Remand Order is frivolous. The Eleventh Circuit has warned Myers this type of appeal is frivolous and sanctioned him accordingly:

> Additionally, our rulings in Myers's previous appeals, including our imposition of sanctions against him in appeal number 24-12043, sufficiently placed him on notice that this appeal was frivolous. *See* Fed. R. App. P. 38; *Parker v. Am. Traffic Sols., Inc.*, 835 F.3d 1363, 1371 (11th Cir. 2016). We thus find sanctions are appropriate here too. *See* **Exhibit 3**.

Armed with that knowledge, Myers continues to try to throw wrenches into the gears, and does so at his own peril.

Federal Rule of Appellate Procedure 38 (and D.C. Local Rule 38-1) permit that "if a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Rule 38 is a basis to move to dismiss an appeal as frivolous and impose sanctions. *Coastal Bank v. Martin*, 717 Fed. Appx. 860, 865 (11th Cir. 2017) (dismissing appeal and awarding sanctions where defendants "should have been well aware that their appeal had no chance of success"). "Rule 38 sanctions are appropriately imposed against appellants who raise clearly frivolous claims in the face of established law and clear facts." *Id.* (internal quotations omitted) (quoting *Parker v. Am. Traffic Solutions, Inc.*, 835 F.3d 1363, 1371 (11th Cir. 2016)).

Myers has been put on notice by multiple courts—including this one—that his claims are frivolous, barred, or brought in bad faith, and he has even been subject to an injunction prohibiting him from making assertions to courts that he has an interest in NBC's property. *See* **Exhibit 3** and *Myers v. Naples Property Holding Company, LLC,* No. 24-12043 (11th Cir. 2024). This Court, in dismissing the appeal of the First Minute Order, advised Myers that it lacked jurisdiction to review a non-final order, but Myers persisted in taking multiple bites at the apple in order to further delay

substantive disposition of his case below. Under these circumstances, further and more serious sanctions are not only appropriate, but necessary to curtail the extensive abuse wrought by Myers.

### a. Myers's Appeal is Brought in Bad Faith.

Like his other suits, Myers's present appeal is mere continuation of his bad faith litigation practices. The procedural posture and facts make clear Myers brings the instant appeal for the sole purpose of harassing NBC Entities to forestall the conclusion of the post-judgment matters remaining in the State Court Litigation.

In the hours before a hearing to impose sanctions and finally resolve the post-judgment proceedings in the State Court Litigation, Myers removed the case to the District Court for the District of Columbia—his *third* removal of the State Court Litigation—purportedly divesting the state court of jurisdiction.[7] The State Court Litigation has no geographical nexus to the District of Columbia, and Myers's third removal only further evinces his intent to delay resolution of the State Court Litigation. He is unconcerned with acting in good faith, only with obstructing and frustrating the wheels of justice.

---

[7] On November 5, 2024, at a properly noticed hearing Judge Brodie sanctioned Myers and Kelly's bad faith conduct and banned any further *pro se* filings in Florida State Court and a written order is forthcoming.

### b. *Sanctions are Appropriate.*

Sanctions are appropriate here because Myers has clearly filed his appeal in bad faith and for an improper purpose. This is not Myers's first bad-faith filing nor is it his first bad-faith appeal. To provide one example out of many, the Eleventh Circuit has already sanctioned Myers once for filing a frivolous appeal similar to the instant appeal and awarded monetary damages, but withheld imposition of a filing bar. *See Myers v. Naples Property Holding Company, LLC,* No. 24-12043 (11th Cir. 2024). NBC Entities have made similar requests for sanctions in seven (7) other appeals Myers has filed in the Eleventh Circuit. Myers has been banned from filing *pro se* removals in three (3) Middle District of Florida cases. Myers continues his abuse of the litigation process here by filing this baseless appeal from a baseless removal in an attempt to avoid and frustrate the remand of the instant action and in a brazen attempt to invalidate the State Court Litigation's final judgment. As such, sanctions are required.

Though he is a *pro se* plaintiff, Myers has had more than ample experience litigating to know that his claims are objectively frivolous. Not only has he been litigating numerous similar suits against the NBC Entities since 2021, but he has also been put on notice by courts around the country that his abuse of the litigation process will not be permitted. *See Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch,* 2020 WL 758151 at fn. 3 (D. Md. Feb. 14, 2020) (collecting

extensive list of Myers multi-jurisdictional bad-faith practices). Here, sanctions are necessary to "curb the abusive practice of re-filing the same claims." *Thomas v. Evans*, 880 F.2d 1235, 1243 (11th Cir. 1989); *Saladino v. U.S.,* 63 Fed. Cl. 754, 757 (Fed. Cl. 2005) (following *pro se* plaintiff's filing of seventy-seven (77) lawsuits on his and others behalf, plaintiff was barred from filing of any action similar to his prior claims for ten (10) years); *Saladino v. U.S.,* 62 Fed. Cl. 782, 798 (Fed. Cl. 2004) (because plaintiff continued to file meritless claims, court mandated every pleading filed by plaintiff was to be reviewed by the court and defendant did not have to respond to any pleading unless so ordered by the court).

Myers has made a mockery of the judicial system for far too long. Court action is required to protect the innocent and beleaguered litigants, which Myers relentlessly attacks and ensnares in lengthy and expensive litigation with his frivolous filings. His pattern and practice of filing baseless complaints, improper removals and groundless appeals, all unsupported by facts or law, is a surfeit of bad faith evidence and demonstrates the need for sanctions by this court. *Keister v. PPL Corp.*, 318 F.R.D. 247, 271 (M.D. Pa. 2015) (pattern of litigation founded on factual inconsistencies, wherein plaintiff's case was built largely on posturing, the consistent filing of pleadings, and meritless underlying claims were evidence of bad faith, justifying reasonable attorney's fees as "the minimum that will serve to adequately deter undesirable behavior"). Having been barred from similar conduct

in the Middle District of Florida, he has now shifted his gaze to the District of Columbia.

### c. *NBC Entities Seek a Sanction Barring Myers from Filing any Further Pro Se Appeals Against Appellees Without Prior Leave of this Court or Without Representation by a Licensed Attorney.*

In addition to seeking monetary sanctions, NBC Entities seek an injunction barring Myers from appealing any further actions in the instant case against NBC Entities either (1) without prior leave of this court, or (2) without the representation of a licensed attorney. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc) (per curiam). Thus, federal courts can protect their dockets from abuse by frequent filers so long as the measures taken are a reasonable response to the abuse and access to the courts is not entirely foreclosed. *See Cofield v. Ala. Public Serv. Comm'n*, 936 F.2d 512, 517–18 (11th Cir. 1991) (discussing "pre-filing screening" in the *in forma pauperis* context "when the litigator has assets"). Where, as here, a plaintiff has engaged in a history of "repeated vexatious filings," a sanction barring further appeals pursuant to Rule 38 is appropriate. *Procup,* 792 F.2d 1069 at 1073-74 (finding district court could fashion appropriate injunction severely restricting *pro se* appellant's ability to file frivolous requests for judicial relief). Accordingly, this Court should take the appropriate steps to strictly

limit Myers's ability to continue to abuse the judicial process to the detriment of NBC Entities.

### d. NBC Entities seeks an order from this Court holding Myers in contempt for continuing to engage in vexatious and bad-faith appellate practice after already being sanctioned by this Court.

This Court already imposed monetary sanctions against Myers in its order dismissing his appeal of the First Minute Order. Utterly undeterred by this Court's admonition, Myers again petitions this Court to review the *third* Remand Order, which is similarly not appealable. It is clear that more serious sanctions are appropriate and necessary to deter continued bad-faith abuses of the courts. Contempt of court is appropriate in this circumstance given Myers's persistent recalcitrance to comply with the law and with orders of this Court. 18 U.S.C. §401. Indeed, "[t]he foundation for the criminal contempt power is the need to protect the judicial process from willful [sic] impositions, particularly those designed to hobble the normal machinery of justice." *In re Brown*, 454 F.2d 999, 1006 (D.C. Cir. 1971). *See also United States v. Ross*, 243 F. Supp. 496, 499 (S.D.N.Y. 1965) ("Any act which is calculated to embarrass, hinder or obstruct the court in the administration of justice or which is calculated to lessen its authority or dignity is a contempt.").

The Court has at its disposal the contempt toolbox, in which it can impose civil or criminal contempt against Myers. "[C]ivil contempt . . . punishment is remedial, and for the benefit of the complainant. . . . [C]riminal contempt . . .

sentence is punitive, to vindicate the authority of the court." *Hicks v. Feioc*, 485 U.S. 624, 631-632 (1988) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441 (1911)). In the instant family of cases, Myers has made a mockery of the judicial system through a litany of vexatious filings, removals, appeals, and bankruptcies with the sole purpose of depriving state level trial courts the opportunity to impose just and fair relief, some of which has already been rendered in final judgments. Myers has been subjected to various sanctions including attorneys' fee awards, filing prohibitions, and dismissals, but it is clear from his persistence that none of these admonitions and consequences have taken. Without more serious consequences, Myers will continue to abuse and exploit the judicial system for malicious and unjust purposes. This Court has an opportunity to put a stop to it, and given Myers's history of litigation, NBC Entities posit it would not be undue for Myers to be subjected to more serious sanctions in the form of contempt of court, civil or criminal, whatever this Court deems appropriate.

## CONCLUSION

Myers's appeal must be dismissed and NBC Entities respectfully request that this Court:

(i)      Dismiss Myers's appeal as unauthorized, or alternatively pursuant to Federal Rule of Appellate Procedure 38;

(ii)      Sanction Myers for his objectively frivolous appeal;

(iii)   Enter an injunction barring Myers from appealing any further actions against Appellees (a) without prior leave of this Court, and/or (b) without the representation of a licensed attorney;

(iv)   Award all respective attorneys' fees, costs, and grant any other relief deemed just and appropriate; and

(v)   Hold Myers in contempt of Court for his continued frivolous and vexatious litigation, including disregarding this Court's prior dismissal and sanctions.

DATED:     May 19, 2025.

Respectfully submitted,

/s/ *Glenn Burhans, Jr.*
Glenn Burhans, Jr., Esq.
Florida Bar No. 605867
Christopher R. Clark, Esq.
Florida Bar No. 1002388
STEARNS WEAVER MILLER
WEISSLER ALHADEFF &
& SITTERSON, P.A.
106 East College Ave., Ste 700
Tallahassee, FL  32301
Telephone: (850) 580-7200
gburhans@stearnsweaver.com
crclark@stearnsweaver.com
*Counsel for Appellees, Naples*
*Property Holding Company, LLC,*
*Naples Beach Club Land Trust*
*Trustee, LLC, Naples Beach Club*
*Phase II and III Land Trust Trustee,*
*LLC, and NBC Club Owner, LLC*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Fed. R. App. P. 27 (d)(2) as it contains 4,165 words. The Motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) as this motion has been prepared in the proportionally spaced typeface of Times New Roman in 14-point font size.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 19th day of May 2025, the undersigned counsel electronically filed the foregoing through the CM/ECF serving all counsel and *pro se* parties of record and separately re-served via electronic mail to: *pro se* Gregory B. Myers (gregbmyers@verizon.net).

By: *<u>/s/ Glenn Burhans</u>*
Glenn Burhans, Jr., Esq.
